UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAY BRAHMBHATT,<br><br>                  Plaintiff,<br><br>v.<br><br>GENERAL PRODUCTS CORPORATION,<br><br>                  Defendant. | Case No. 1:12-cv-00919-SJD<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge Stephanie K. Bowman |

## **DEFENDANT'S ANSWER**

Defendant General Products Corporation ("General Products" or "Defendant") submits the following Answer and Affirmative Defenses to Plaintiff's Complaint in the above-captioned action:

1. In response to paragraph 1, Defendant neither admits nor denies this allegation because it lacks sufficient information to form a belief as to the truth of the allegations.

2. In response to paragraph 2, Defendant admits that it is a corporation doing business in the State of Ohio. Defendant denies that it is a citizen of Ohio. Defendant neither admits nor denies the remainder of the allegations contained in paragraph 2 because it calls for a legal conclusion.

3. Defendant denies as untrue the allegations contained in paragraph 3.

4. In response to paragraph 4, Defendant admits only that Plaintiff became employed by Defendant in 2011. Defendant denies as untrue the remaining allegations contained in paragraph 4.

5. In response to paragraph 5, Defendant admits that it interviewed Plaintiff in Findlay, Ohio, that it mailed an employment agreement to Ohio and that the employment agreement was signed by Plaintiff in Livonia, Michigan. Defendant denies as untrue the remaining allegations in paragraph 5.

6. In response to paragraph 6, Defendant denies as untrue that the position and Plaintiff's qualifications were discussed at length over an extended period of time. Defendant admits the remaining allegations contained in paragraph 6.

7. In response to paragraph 7, Defendant neither admits nor denies the allegations contained in this paragraph because the contents of the document speak for itself.

8. In response to paragraph 8, Defendant admits that Plaintiff was reimbursed for his travel expenses when visiting Defendant's locations in Michigan, Indiana, and Mexico. Defendant denies as untrue that Plaintiff was reimbursed for travel expenses to Kentucky. Defendant denies as untrue that it was aware that Plaintiff performed various job duties from his home. Defendant neither admits nor denies the remaining allegations of paragraph 8 because it lacks sufficient information to form a belief as to the truth of the allegations.

9. Defendant denies as untrue the allegations contained in paragraph 9.

10. Defendant denies as untrue the allegations contained in paragraph 10.

11. Defendant denies as untrue the allegations contained in paragraph 11.

12. Defendant denies as untrue the allegations contained in paragraph 12.

13. Defendant denies as untrue the allegations contained in paragraph 13.

14. Defendant denies as untrue the allegations contained in paragraph 14.

15. In response to paragraph 15, Defendant admits that on June 28, 2012, Kevin Alder told Plaintiff via telephone that he was terminated immediately. Defendant denies as untrue the remaining allegations of paragraph 15.

16. Defendant denies as untrue the allegations contained in paragraph 16.

17. Defendant denies as untrue the allegations contained in paragraph 17.

18. In response to paragraph 18, Defendant neither admits nor denies this allegation because it lacks sufficient information to form a belief as to the truth of the allegations.

## COUNT I
### (National Origin Discrimination – ORC § 4112)

19. In response to paragraph 19, Defendant incorporates by reference its responses to paragraphs 1 through 18 as if fully stated herein.

20. In response to paragraph 20, Defendant neither admits nor denies this allegation because it lacks sufficient information to form a belief as to the truth of the allegations.

21. Defendant denies as untrue the allegations contained in paragraph 21.

22. Defendant denies as untrue the allegations contained in paragraph 22.

## COUNT II
### (Race Discrimination -- ORC § 4112)

23. In response to paragraph 23, Defendant incorporates by reference its responses to paragraphs 1 through 22 as if fully stated here in.

24. In response to paragraph 24, Defendant neither admits nor denies the allegations contained in this paragraph because it lacks sufficient information to form a belief as to the truth of the allegations.

25. In response to paragraph 25, Defendant denies as untrue the allegations contained in this paragraph.

26. In response to paragraph 26, Defendant denies as untrue the allegations contained in this paragraph.

## COUNT III
### (Breach of Contract)

27. In response to paragraph 27, Defendant incorporates by reference its responses to paragraphs 1 through 26 as if fully stated herein.

28. Defendant denies as untrue the allegations contained in paragraph 28.

29. Defendant denies as untrue the allegations contained in paragraph 29.

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant, dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs, attorney fees and other appropriate equitable relief.

## AFFIRMATIVE DEFENSES

Defendant states as follows for its Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state a claim upon which monetary, equitable, or injunctive relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by his own actions or inactions.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

4. Plaintiff's claims may be barred, in part or in whole, by the applicable statute of limitations and/or the doctrine of laches.

5. Plaintiff has failed, in whole or in part, to mitigate his damages, entitlement to which is expressly denied by Defendant.  Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff.

4

6. Any actions taken with regard to Plaintiff were taken for legitimate and non-discriminatory business reasons and were made in accordance with all state and federal laws and regulations.

7. Plaintiff's claims may be barred by his failure to exhaust his internal and external administrative, contractual and/or statutory remedies.

8. Plaintiff's damages may be barred or limited due to after-acquired evidence.

9. The proximate cause of any injury or damages to Plaintiff, if any, was not caused by the action of Defendant.

10. Defendant exercised reasonable care to prevent and correct any alleged discrimination and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Defendant may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and to comply with all anti-discrimination and other applicable laws.

12. Defendant reserves the right to assert such other affirmative defenses as they become known throughout the course of discovery.

Respectfully submitted,

/s/ *Rand L. McClellan*
Robert J. Tucker (0082205)
Trial Attorney
Rand L. McClellan (0079266)
BAKER & HOSTETLER LLP
65 East State Street, Ste.2100
Columbus, Ohio 43215-4260
(614) 462-2631
Fax: (614) 462-2616
rtucker@bakerlaw.com
rmcclellan@bakerlaw.com

Kathryn S. Wood (*Pro hac vice* forthcoming)
Christina K. McDonald (*Pro hac vice* forthcoming)
DICKINSON WRIGHT PLLC
500 Woodward Ave. Ste. 4000
Detroit, MI 48226
(313) 223-3500
Fax: (313) 223-3598
kwood@dickinsonwright.com
cmcdonald@dickinsonwright.com

*Attorneys for Defendant*
*General Products Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true a correct copy of the foregoing was served upon counsel of record at the following address through CM/ECF and by first class mail on December 7, 2012:

>Ronald E. Seibel
>Seibel Law Office
>2750 Ashwood Dr.
>Loveland, Ohio 45140
>rseibel@seibellawoffice.com

>/s/ *Rand L. McClellan*_____
>*An Attorney for Defendant*
>*General Products Corporation*