UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAY BRAHMBATT** | ) | CASE NO.: 1:12 cv 919 |
| Plaintiff, | ) | |
| | ) | Judge J. Dlott |
| vs. | ) | |
| | ) | **RULE 26(f) REPORT OF PARTIES** |
| **GENERAL PRODUCTS CORPORATION** | ) | |
| | ) | |
| Defendant. | ) | |

1. Pursuant to Fed. R. Civ. P.26(f), a meeting was held on January 10, 2013 and was attended by:

<u>Ron Siebel</u>, counsel for plaintiff(s) <u>Jay Brahmbatt</u>
<u>Kathryn S. Wood</u>, counsel for defendant(s) <u>General Products Corp.</u>

2. **Consent to Magistrate Judge**. The parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c) at this time.

3. **Initial Disclosures.** The parties:

☐ have exchanged the pre-discovery disclosures required by Rule 26(a)(1).

☒ will exchange such disclosures by <u>February 20, 2013.</u>

☐ are exempt from disclosure under Rule 26(a)(1)(E).

☐ have agreed not to make initial disclosures.

4. Jurisdiction and Venue

   a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

   <u>Defendant has filed a Motion to Transfer Venue. Plaintiff's response is due on</u>

January 25, 2013.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:
N/A

c. Recommended date for filing motions addressing jurisdiction and venue:

Plaintiff's response is due on January 25, 2013.

5. **Amendments to Pleadings and/or Joinder of Parties**
   a. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: ___N/A___

   b. (if class action) Recommended date for filing motion to certify the class: ___N/A___

6. **Recommended Discovery Plan:**

   a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:
   Plaintiff has asserted claims of national origin discrimination (O.R.C. 4112), race discrimination (O.R.C. 4112) and Breach of Contract. Defendant disputes liability and damages as to all of these claims. Written discovery shall be exchanged regarding the allegations made in the Complaint. Depositions of the Plaintiff and of General Products personnel will be taken thereafter to determine the factual background of Plaintiff's employment and eventual termination.

   b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court?

   N/A

   c. The case presents the following issues relating to the disclosure of **electronically stored information**, including the form or forms in which it should be produced:

<u>Not that the parties are aware of.</u>

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

<u>The Parties are uncertain as to whether a Protective Order will be necessary but commit to working together to jointly negotiate an Order if it becomes necessary.</u>

Have the parties agreed on a procedure to assert such claims **AFTER** production?

☒ No
☐ Yes
☐ Yes, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, that can be **deferred** pending settlement discussions and/or resolution of potentially dispositive motions: <u>The Parties request that, to the extent that a Party retains an expert on damages, that discovery regarding the opinions of the expert occur after the resolution of dispositive motions.</u>

f. The parties recommend that discovery should proceed in **phases**, as follows: <u>Written discovery and document exchange to be followed by depositions.</u>

g. Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P. 26(a)(2): : <u>Plaintiff and Defendant may retain a damages expert.</u>

h. Recommended discovery completion date: <u>October 1, 2013</u>

3

7. **Dispositive Motion(s)**

   a. Recommended date for filing dispositive motions: __November 8, 2013__

8. **Settlement Discussions**

   a. Has a settlement demand been made? __Yes__ A response? __Yes__

   b. Date by which a settlement demand can be made: __NA__

   c. Date by which a response can be made: __NA__

9. The earliest Settlement Week referral reasonably likely to be productive is the (choose one)

   ____ March 20____           Settlement Week.

   _X_ June 2013               Settlement Week.

   ____ September 20____       Settlement Week.

   ____ December 20____        Settlement Week.

10. Other matters for the attention of the Court: __NA__

_____

Signatures:

| Attorney(s) for Plaintiff(s) | Attorney(s) for Defendant(s): |
| --- | --- |
| /s Ronald E. Seibel | s/ Kathryn S. Wood |
| Ohio Bar # 0077296 | *Pro Hac Vice* |
| Trial Attorney for Plaintiff | Trail Attorney for Defendant |

4