## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAY BRAHMBHATT<br><br>                              Plaintiff,<br><br>v.<br><br>GENERAL PRODUCTS CORPORATION,<br><br>                             Defendant. | Case No: 1:12-cv-00919-SJD<br><br>Judge: Hon. Susan J. Dlott<br><br>Magistrate: Stephanie K. Bowman<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties, through their respective counsel, IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order governs the use of information and documents produced through discovery in the above-referenced action.

2. The parties agree that they shall use Confidential documents and information, as described below, only for the purposes of preparing for and conducting litigation proceedings in this action, and only in the manner prescribed herein.

3. "Confidential documents and information" shall include, but shall not be limited to, trade secret information, financial information, employee files and other employment-related documents.

4. Either party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis for the objection. If the parties are unable to resolve their differences within ten (10) days of the time the notice is received, the objecting party may file an appropriate motion requesting that the Court order that the

disputed material shall not be subject to the protection of this Order. The designating party shall have the burden of establishing the confidential nature of the material. The disputed material shall remain subject to all terms of this Stipulated Protective Order until the parties agree or the Court rules otherwise.

5. The parties will, in a manner that will not interfere with the legibility of such documents, place or affixed pursuant to this Stipulated Protective Order an imprint or legend "Confidential-Subject to Protective Order."

6. All documents produced pursuant to this Stipulated Protective Order shall not be copied or reproduced in any form, except for the witnesses or consultants employed or retained by the parties, their legal counsel, and necessary staff employees thereof, or their representatives, in connection with this specific litigation and the content and substance of such documents may in no way be shown, divulged, or otherwise communicated to any person or entity, and for no other purpose.

7. Counsel making disclosure to the witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, in connection with this specific litigation shall advise any such person or entity of the express terms of this Stipulated Protective Order, and shall provide such person or entity with a copy if he or she so requests.

8. Counsel for the parties shall maintain a complete list of all persons or entities who receive or who are shown documents produced pursuant to this Stipulated Protective Order by said counsel and, if requested, shall provide this list to the other parties' counsel at the conclusion of this litigation.

9. If any document or other material or information produced pursuant to this Stipulated Protective Order is used in connection with any deposition or pleading or is attached to any deposition transcript or pleading as an exhibit, the portion of the transcript of such deposition or such pleading referencing or attaching the document or other material or information produced pursuant to this Stipulated Protective Order shall be filed under seal and such portion of the deposition or pleading shall be subject to the provisions of this Stipulated Protective Order.

10. At the conclusion of this litigation, whether by dismissal, settlement, trial, order of this Court, or otherwise, upon the request of the producing party, all documents produced pursuant to this Stipulated Protective Order shall be returned to counsel for the producing party. If the documents are not requested to be returned, receiving counsel will destroy them in accordance with their standard document retention procedures.

11. Nothing in this Stipulated Protective Order shall be deemed to preclude the admission into evidence of this case the documents subject to this Stipulated Protective Order, and the parties herein have reserved all rights to seek admission into evidence of such information, or to object to the admissibility of such materials, subject to the terms of this Stipulated Protective Order.

**IT IS SO ORDERED**

Dated: 8/27/13

_Stephanie K. Bowman_

**U.S. MAGISTRATE JUDGE**

**STIPULATED AND AGREED:**

        **Counsel for General Products Corporation**

        /s/ Kathryn S. Wood
        Kathryn S. Wood (P55012)
        DICKINSON WRIGHT PLLC
        500 Woodward Ave., Ste. 4000
        Detroit, Michigan 48226
        Telephone: (313) 223-3500
        Facsimile: (313) 2233598
        kwood@dickinsonwright.com

        /s/ M. Scott McIntyre by s/ Kathryn Wood per email authorization
        M Scott McIntyre (0075298)
        BAKER & HOSTETLER LLP
        312 Walnut St., Ste. 3200
        Cincinnati, OH 45202
        Telephone: (513) 852-2622
        Facsimile: (513) 929-0303
        smcintyre@bakerlaw.com
        *Trial Counsel for Defendant*

Dated: August 22, 2013

        **Counsel for Plaintiff**

        /s/ Robert D. Todd by s/ Kathryn S. Wood per email authorization
        Robert D. Todd (0086529)
        Anthony A. Mahan (0086571)
        ROBERT D. TODD, LLC
        8401 Claude Thomas Rd., Ste. 38
        Franklin, OH 45005
        Telephone: (513) 448-0135
        Facsimile: (513) 445-3802
        rdt@roberttoddlaw.com
        amahan@mahanlaw.com
        *Trial Counsel for Plaintiff*

Dated: August 22, 2013

DETROIT 34138-31 1290784